UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUSTIN CREDICO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-01876-JPH-MJD |
| ) | |
| UNKNOWN SHERIFF HAMILTON ) | |
| COUNTY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| HAMILTON COUNTY SHERIFF, ) | |
| ) | |
| Interested Party. ) | |

**ORDER**

**I.**
**Discharging Order to Show Cause and Directing Further Proceedings**

The Court ordered Plaintiff Justin Credico to show cause why the Court should not dismiss this case with prejudice as a sanction for his use of vulgar profanity and abusive, threatening language directed at the Court and opposing counsel. Dkt. 21. In his return to the show cause order, dkt. 22, Mr. Credico apologized and acknowledged that his conduct was unacceptable. Giving Mr. Credico the benefit of the doubt, the Court **discharges** the order to show cause and **directs** that the case will proceed as outlined in this Order. To be clear, if Mr. Credico uses such language in any other filings, the Court will dismiss this case with prejudice without further warning or notice.

1

## II.
## Adding Interested Party for Limited Discovery

On January 17, 2025, the Court dismissed Mr. Credico's complaint because it did not identify any suable defendants. Dkt. 12. The Court allowed Mr. Credico until March 21, 2025 to conduct discovery to identify individuals who may be proper defendants to his claims and file an amended complaint. *Id.* The Court issued process to the Hamilton County Sheriff's Office ("HCSO") for the limited purpose of responding to that discovery. *Id.*

On January 31, 2025, HCSO filed a notice with the Court indicating that it responded to Mr. Credico's discovery requests. Dkt. 18. HCSO represents that it "did not employ anyone who was involved in Plaintiff's interaction with law enforcement on October 21, 2024," but "a different law enforcement agency, City of Fishers police department" may have been involved. *Id.* Mr. Credico now moves to conduct discovery on Fishers Police Department. That motion, dkt. [20], is **granted** to the following extent:

a) The **clerk is directed** to update the docket to reflect that the Chief of the Fishers Police Department is now an **interested party**.

b) Process shall issue to the Chief, in his official capacity only, for the purpose of permitting him to appear in the action and respond to discovery requests regarding the identities and locations of defendants. The Chief need not answer the complaint.

c) The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to the Chief in the manner specified by Federal Rule of Civil Procedure 4(d). Process shall consist of the complaint (dkt. 1), the Court's show cause orders (dkts. 6, 10, 12, 21), HCSO's notice regarding discovery (dkt. 18), Mr. Credico's latest discovery motion (dkt. 20), applicable

2

    forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

d) Mr. Credico may serve discovery requests to the Chief for the limited purpose of identifying and locating defendants.

e) The deadline for Mr. Credico to file an amended complaint is now extended to **April 11, 2025** to account for the show-cause period.

## III.
## Resolving Other Pending Motions

Mr. Credico's other motions for limited discovery relief, dkts. [17] and [19], are **granted** to the extent the Court has allowed Mr. Credico to conduct limited discovery on HCSO and the Fishers Police Department.

To the extent Mr. Credico requests the issuance of subpoenas, the Court declines to do so at this time because he may utilize the discovery devices contained in Federal Rules of Civil Procedure 26 through 37 to obtain the information he seeks. *See Acuity v. Kerstiens Home & Designs, Inc.*, No. 1:16-cv-02800-JMS-DLP, 2018 WL 3375015, at *1 (S.D. Ind. July 10, 2018) ("Even if the subpoena's request is relevant, the court can quash it if there is an easier way for the requesting party to obtain the information." (citing Fed. R. Civ. P. 26(b)(2)(C)(i))). For example, the Federal Rules of Civil Procedure permit him to:

- Serve written questions (called interrogatories) on HCSO and Fishers Police Department, according to Rule 33.

- Request that HCSO and Fishers Police Department produce documents or electronically stored information in their possession, according to Rule 34.

- Request that HCSO and Fishers Police Department admit facts and other information, according to Rule 36.

Thus, because he may use these Rules to obtain the information he seeks, his subpoena requests in dkts. [17], [19], and [20] are **denied**. He may renew his request for the issuance of subpoenas at a later time if he deems necessary.

Mr. Credico's motion to reconsider, dkt. [14], is **denied** to the extent he asks the Court to conduct discovery on his behalf.

Mr. Credico's motion for a temporary restraining order, dkt. 3, will be addressed by separate order.

**SO ORDERED.**

Date: 3/19/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JUSTIN CREDICO
Homeless
jmc31337@gmail.com

Fishers Police Department
4 Municipal Drive
Fishers, IN 46038

All electronically registered counsel

4