UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUSTIN CREDICO, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:24-cv-01876-JPH-MJD |
| UNKNOWN SHERIFF HAMILTON COUNTY, | ) |
| Defendant. | ) |
| HAMILTON COUNTY SHERIFF, FISHERS POLICE DEPARTMENT, | ) |
| Interested Parties. | ) |

**ORDER DENYING MOTION FOR RECONSIDERATION**

On April 21, 2025, the Court entered final judgment, dismissing this case with prejudice because Plaintiff Justin Credico did not file an amended complaint identifying a defendant who could be sued under 42 U.S.C. § 1983. Dkt. 29. On April 22, Mr. Credico filed a motion for reconsideration. Dkt. 31. The Court considers Mr. Credico's motion under Federal Rule of Civil Procedure 59(e) because he filed it within twenty-eight days of entry of judgment. *See Krivak v. Home Depot U.S.A., Inc.*, 2 F.4th 601, 604 (7th Cir. 2021) ("[R]egardless of what counsel called it, all substantive motions filed within the time period described by Rule 59(e) fall under that Rule regardless of the lingo associated with the post-judgment motion.").

1

"Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). "A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). And the rule is not "a vehicle for a party to undo its own procedural failures." *Moro*, 91 F.3d at 876. So, to prevail on his Rule 59(e) motion, Mr. Credico must "clearly establish" that "there is newly discovered evidence or that there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).

Mr. Credico argues that since this case was dismissed, he has discovered new evidence that police officers from the Fishers Police Department, not the Hamilton County Sheriff's Office ("HCSO"), are the proper defendants in this case. Dkt. 31 at 2. On that basis, he "seeks to substitute the defendant 'Unknown Sheriff, Hamilton County' with 'Unknown Fishers Police Officer(s).'" *Id.* Mr. Credico also appears to suggest that he did not file an amended complaint due to a "mixup" where he filed in this case an amended complaint intended for one of his other cases. *Id.*

The Court gave Mr. Credico nearly three months to conduct limited discovery to identify a proper defendant who could be substituted into this case. *See* dkts. 12, 23. During that time, Mr. Credico informed the Court that he sought to conduct discovery on the Fishers Police Department because that

2

department's officers, not HCSO's, were involved in the events underlying his suit. *See* dkts. 18, 23. The Court granted that motion for limited discovery on the Fishers Police Department, giving Mr. Credico nearly a month for that discovery before his amended complaint deadline. Dkt. 23. What this shows is that the "new evidence" Mr. Credico raises in his reconsideration motion is not new at all—he knew this information and provided it to the Court over a month before the case was dismissed. So, this evidence cannot satisfy his Rule 59(e) burden. *See Oto*, 224 F.3d at 606.

And even if this evidence was enough under Rule 59(e) and the case proceeded, Mr. Credico's proposed amendment to his complaint would be futile. *See Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 860–61 (7th Cir. 2001) (explaining that courts "need not allow an amendment" under Federal Rule of Civil Procedure 15 "when the amendment would be futile"). It would be futile because Mr. Credico now seeks to sue "Unknown Fishers Police Officer(s)," another group of anonymous defendants. However, Mr. Credico cannot maintain a suit against anonymous defendants. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15 . . . nor can it otherwise help the plaintiff.").

Finally, to the extent Mr. Credico argues that the "mixup" from filing another case's amended complaint in this case prevented him from meeting his amended complaint deadline in this case, that is not enough under Rule 59.

The Court made clear—before dismissing this case—that this filing would not have "any effect in this case." Dkt. 27 at 2. And regardless, his reconsideration motion is not "a vehicle for [him] to undo" his failure to timely respond and file an amended complaint. *Moro*, 91 F.3d at 876.

Accordingly, Mr. Credico's motion for reconsideration, dkt. [31], is **DENIED**. This case remains closed.

**SO ORDERED.**

Date: 8/18/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JUSTIN CREDICO
Homeless
jmc31337@gmail.com

FISHERS POLICE DEPARTMENT
4 Municipal Drive
Fishers, IN 46038

All electronically registered counsel